UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 3:19-cr-36-GFVT-MAS |
| v. | ) | and |
| | ) | Civil Action No. |
| MICHAEL JOHN DAVIDSON, | ) | 3:22-cv-59-GFVT-MAS |
| | ) | |
| Defendant/Movant. | ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Michael John Davidson's ("Davidson") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 81].[1] Davidson raises several grounds in support of his petition, the majority of which are based upon claims of ineffective assistance of counsel at trial. The United States responded in opposition [DE 87] and Davidson replied in further support [DE 88]. After thoroughly reviewing the record, the Court recommends Davidson's petition be denied.

**I.    RELEVANT FACTUAL BACKGROUND**

In September 2019, a grand jury indicted Davidson for knowingly coercing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). [DE 1]. Namely, Davidson messaged a self-identified fifteen-year-old on a messenger service providing graphic images of his genitalia while seeking images from the minor. [DE 67, Page ID# 208]. Davidson also described how he intended to sexually assault the minor. [DE 67, Page ID# 208]. Unfortunately for Davidson, the alleged teenager was, in fact, an undercover agent for Kentucky Office of the

---

[1] Citations to the record are to the criminal case, 3:19-cr-36-GFVT.

1

Attorney General's Cyber Crimes Branch. [DE 67, Page ID# 208]. Eventually, Davidson planned to drive from his home in Jamestown, Kentucky, to Frankfort, Kentucky, to engage in criminal sexual activity with the supposed minor. [DE 67, Page ID# 209]. Upon his arrival, he was arrested for his actions. [DE 67, Page ID# 209].

The Court conducted a jury trial with Davidson that lasted two days and resulted in a guilty verdict. [DE 40, 44, 48]. The Court then sentenced Davidson to 120 months imprisonment with twenty years of supervised release to follow. [DE 62, 64]. Davidson timely appealed the matter to the Sixth Circuit [DE 65], but the Sixth Circuit affirmed the judgment in full [77, 78]. After the Supreme Court declined to hear his case, Davidson then timely filed this petition.[2]

## II.    ANALYSIS

In his petition, Davidson asserts seven grounds in support of his petition. Those grounds range from complaints about his trial counsel to alleged prosecutorial misconduct. The Court will first address his ineffective of assistance of counsel claims before turning to his other arguments.

A.    **INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

   1.    **Legal Standard**

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege

---

[2] The Court previously questioned the timeliness of Davidson's habeas petition. [DE 83]. However, after further review and in agreement with the United States, Davidson's habeas petition was timely filed given that the Supreme Court of the United States, due to the ongoing COVID-19 pandemic, had extended the time for filing petitions for writs of certiorari. [*See* DE 84 (citing *Barron v. MaCauley*, No. 1:22-CV-107, 2022 WL 16946446, at *2 (W.D. Mich. Nov. 15, 2022) (citing Rule of the Supreme Court of the United States – Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (2020) (extending time to file petitions to 150 days for judgments entered prior to July 19, 2021))].

as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'") (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

One class of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment. The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims. To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant. *Id*. at 687. To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694–95. The Court "must consider the totality of the evidence" in assessing prejudice. *Id*. at 695. The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Id*. at 730; *Strickland*, 466 U.S. at 697.

2. **Ground 1: Davidson's Testimony**

Davidson's first attack against his trial counsel, Mary Miranda ("Miranda"), is that she "[r]efused to allow [him] to testify in [his] own behalf." [DE 81, Page ID# 598]. He also later argues that Miranda "failed to allow [him] to tell the jury [his] side" and "said [he] would get more

3

time if [he] testified." [DE 81, Page ID# 598]. Both arguments generally stand for the proposition that Davidson wished to testify but was prohibited from doing so by Miranda.

The record is undisputed that Davidson did not testify at his trial in his own defense. Yet, as the United States highlights in its response, Davidson implicitly agreed when his counsel informed the Court that he did **not** want to testify in his own defense.

> THE COURT: … And I've indicated -- indication has been made to chambers that the defendant is choosing not to testify, which, of course, is his right.
>
> MS. MIRANDA: That is in fact the case, Your Honor. And naturally, should he have a change of heart at the last minute, I will advise.

[DE 73, Page ID# 464]. And when the moment came for Davidson to choose, he "elected not to call any witnesses, and [he] elected not to testify." [DE 74, Page ID# 489].

Thus, the issue is whether Davidson has a right to now complain about his counsel not calling him as a witness after sitting next to his counsel in trial and never once contesting Miranda's representations that he had chosen, in fact, not to testify. The Sixth Circuit unequivocally answers that issue in the negative. "Although the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000). "Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to *sua sponte* address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." There is nothing in the record and nothing cited by Davidson that suggests he expressed his desire to testify at trial to the Court. *See Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009) ("Hodge would need to present record evidence that he somehow alerted the trial court to his desire to testify"). Rather, Davidson heard his counsel twice state that Davidson had elected not to testify, and he sat at counsel table fully acquiescing to

4

that statement both times. He cannot now complain. Consequently, the Court should deny Davidson's petition on this ground.

3.     **Ground 2: Objections to the Presentencing Investigation Report**

Davidson next raises the claim that his counsel "failed to object to PSR contents" referring to the presentencing investigation report ("PSR"). [DE 81, Page ID# 598]. However, Davidson makes no effort to identify what objections Miranda should have made to the PSR. The Court is left guessing. To reach the *Strickland* analysis, Davidson must present more than conclusory statements. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Thus, because Davidson has not provided any detail to support or even discern the specifics of what objections or arguments Miranda should have presented, this ground is without merit. *See Johnson v. United States*, 457 Fed. App'x 462, 466-67 (6th Cir. 2012); *United States v. Domenech*, No. 1:06-CR-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013).

4.     **Ground 3: "Extra" Criminal History Points**

Davidson also complains that Miranda should have objected to the increase in his criminal history based upon a marijuana conviction that "was not actually imposed [until] after my Indictment." [DE 81, Page ID# 602]. According to the PSR, Davidson was arrested on February 22, 2019, on a charge of possession of marijuana pending in Franklin County, Kentucky. [DE 67, Page ID# 210]. He was sentenced several days later on March 5, 2019. [[DE 67, Page ID# 210]. The date of the Indictment against Davidson in this matter was September 5, 2019. [DE 1]. The record plainly refutes Davidson's argument that the marijuana conviction came after his Indictment in this matter. Miranda is not required to raise arguments contrary to the record and

5

that have no merit. *United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (citing *Strickland v. Washington*, *supra* at 688). The Court should deny Davidson's petition on this ground.

**B.   CHALLENGES TO THE SUFFICIENCY OF THE EVIDENCE**

The remainder of Davidson's grounds all challenge the sufficiency of the evidence without any mention or reference to his counsel. A jury of Davidson's peers and the Sixth Circuit has already reviewed the evidence in the case and determined there was sufficient evidence to convict him of the charged crime. The result is the same here.

**1.   Ground 4: Knowledge of Age of Minor**

The first argument challenging whether the United States presented sufficient evidence at trial concerns whether Davidson knew the alleged victim was under the age of 18. [DE 81, Page ID# 598].

At trial, the United States admitted evidence demonstrating that, during Davidson's conversations with the undercover law enforcement officer posing as a minor, the minor stated she was fifteen on one occasion [DE 73, Page ID# 387] and about to turn sixteen on another occasion [DE 73, Page ID# 405-06]. She told him she was in high school. [DE 73, Page ID# 402-05]. The virtual room where Davidson sought out the alleged victim was named "Kentucky Teen". [DE 73, Page ID# 372]. The record was replete with these and other efforts by the United States to consistently show Davidson knew the alleged victim was under the age of 18.

The Sixth Circuit agreed.

> In particular, Hedden stated that Davidson initiated the first contact with the UC in a chat room titled "Kentucky Teen." Davidson asked how old the UC was, to which the UC answered "15." … Because all of the elements of the charged crime were demonstrated, Davidson could raise no arguable issue that insufficient evidence

6

supported his conviction or that dismissal under Rule 29 or judgment notwithstanding the verdict should have been granted.

[DE 77, Page ID# 587-88].

Davidson's challenge to the sufficiency of the evidence is without merit.

### 2. Ground 5: Fantasy Texts

Davidson next suggests his messages with the alleged victim "was merely exchanging 'fantasy' texts." [DE 81, Page ID# 598]. Again, the record suggests otherwise. As the Sixth Circuit described, the facts before the trial court as established by the United States show facts indicating much more than mere "fantasy texts."

> During the course of the conversation [between Davidson and the alleged minor], Davidson asked about the UC's sexual history, sent the UC several graphic images of himself, requested images of the UC, and sought to meet the UC to engage in sexual acts. The conversation led to a planned meeting for sex on February 22, 2019. On that day, Davidson drove from Jamestown, Kentucky, to Frankfort, Kentucky, to meet the UC. He was arrested by state authorities when he arrived.

[DE 77, Page ID# 584]. From this, it is difficult to perceive any notion that Davidson was just sending fantasy texts when he was traveling the two hours to Frankfort stopping to purchase condoms with an intent to rape the girl. [DE 73, Page ID# 426]. The United States presented sufficient evidence to support the charge and conviction that Davidson had every intent of persuading a minor to engage with him in sexual activity. On this ground, the Court should deny Davidson's petition.

### C. REMAINING CLAIMS

Davidson makes two additional claims challenging the propriety of his sentence and the actions of the United States at trial. The Court rejects both.

### 1. Ground 6: Excessive Sentence

According to Davidson, he "Was given an excessive sentence because [he chose] to go to trial." [DE 81, Page ID# 599]. The Court struggles to understand this argument. Ultimately, as

7

referenced above, Davidson was sentenced to 120 months imprisonment [DE 62, 64], the statutory minimum sentence that a court could apply to any person convicted of the same crimes. *See* 18 U.S.C. § 2422(b). Davidson argued for that sentence. [DE 76, Page ID# 561].

> At the end of the day, you know, we do have a non-binding sentencing guidelines, and we have a statutory minimum term of imprisonment of 120 months. At this point, recognizing that we're bound by that, I would respectfully request that the Court enter a sentence at this point at the lower end of that range, the 120 months. I think that would be sufficient, but not more than necessary, to remedy the situation in this case.

[*Id.*].

Davidson appears to confuse statutory minimums with the guideline range when he states that "the Guidelines are not 'mandatory' but merely suggested Guidelines" in reference to his perceived excessive sentence. As the Court instructed Davidson at his sentencing, the 120-month imprisonment period is a mandatory minimum because of the statute, not because of the sentencing guidelines. [DE 76, Page ID# 553]. Although confusion between statutory requirements and sentencing guidelines is fair, it does not create relief for Davidson. The Court should deny Davidson's petition on this ground as well.

### 2. Ground 7: Alleged Prosecutorial Misconduct

In what is somewhat difficult to decipher, Davidson's final ground is to complaint that the "prosecutor pushed the case to trial because [he] would not inform on other people [the prosecutor] believed were involved in other criminal acts." [DE 81, Page ID# 600]. Although Davidson's allegation is clear, the Court struggles to decipher because there is not a single fact in the record or in Davidson's petition that clarifies his basis for the statement. As stated earlier, vague claims without any support shall be dismissed. *See Johnson v. United States*, 457 Fed. App'x 462, 466-67 (6th Cir. 2012); *United States v. Domenech*, No. 1:06-CR-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013); *Short v. United States*, 504 F.3d 63, 65 (6th Cir. 1974) (affirming

8

denial of a § 2255 motion because petitioner's claims "were stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof."). It is not the burden of the Court to take vague allegations without proof and interpret them into concrete arguments replete with record cites.

D.     REQUEST FOR HEARING

At the conclusion of his petition and in his reply, Davidson requests a hearing. [DE 81, Page ID# 606; DE 88, Page ID# 639]. The Court must conduct an evidentiary hearing on Davidson's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also* Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (directing the Court to examine the filings and record "to determine whether an evidentiary hearing is warranted"). The Court must hold a hearing where the petitioner raises a factual dispute underlying his claims, and "[t]he burden for establishing an entitlement to an evidentiary hearing is relatively light[.]" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). Here, the Court never examined any dispute and relied entirely upon the record. Davidson does not suggest otherwise. Thus, the Court does not find a hearing is necessary.

## III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Davidson's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Davidson has asserted claims against his counsel, but those claims are either plainly refuted by the record or so vague the Court is unable to determine their merit. Moreover, to the extent Davidson seeks to once again challenge the sufficiency of the evidence supporting the judgment against him, the record establishes such sufficient evidence. And finally, Davidson's arguments about an alleged improper sentence or a vague notion of prosecutorial misconduct fall well short without any support in the law or the facts. Accordingly, the Court recommends that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS** the District Court deny Davidson's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Specifically, the Court recommends that:

1) the District Court **DENY**, with prejudice, Fox's § 2255 motion [DE 81]; and

2) the District Court **DENY** a certificate of appealability as to all issues.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), FED. R.

CIV. P. 72(b), FED. R. CRIM. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 7th day of March, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY