UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                            )<br>    Plaintiff/Respondent,               )<br>                                                            )<br>v.                                                        )<br>                                                            )<br>MICHAEL JOHN DAVIDSON,       )<br>                                                            )<br>    Defendant/Petitioner.              ) | Crim No. 3:19-cr-00036-GFVT-MAS<br>Civil No. 3:22-cv-00059-GFVT-MAS<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon a Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. [R. 89.] Defendant Michael Davidson filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 81.] Consistent with local practice, Judge Stinnett reviewed the motion and prepared a Recommended Disposition. [R. 89.]

After considering the record, Judge Stinnett determined that Mr. Davidson is not entitled to relief under 28 U.S.C. § 2255. Specifically, Judge Stinnett found that Mr. Davidson's claim of ineffective assistance of counsel regarding his trial attorney, Mary Miranda, should be dismissed because Mr. Davidson fails to show that Ms. Miranda's performance was deficient. *Id*. at 3-6. Judge Stinnett also found that Mr. Davidson's challenge to the sufficiency of the evidence fails because the United States presented sufficient evidence at trial to establish that Mr. Davidson knew the alleged victim was under the age of 18 and intended to persuade the minor to engage in sexual activity. *Id.* at 6-7. Finally, Judge Stinnett found that Mr. Davidson's excessive sentence and prosecutorial misconduct claims fail because he does not assert any nonconclusory allegations supporting a basis for his claims. *Id.* at 7-9. In fact, the Court sentenced Mr.

Davidson to the statutory minimum period of incarceration. *Id.* at 8.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Report and Recommendation have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Davidson's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Matthew A. Stinnett's Report and Recommendation [**R. 89**] as to Defendant Michael Davidson is **ADOPTED** and for the Opinion of the Court;
2. Mr. Davidson's Petition for habeas corpus relief pursuant to § 2255 [**R. 81**] is **DENIED**;
3. A Certificate of Appealability is **DENIED** as to all issues raised by Defendant; and
4. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 31st day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge